DONNA TAMANAHA, Assistant U.S. Trustee (WI#1013199)
U.S. Department of Justice
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104-3484
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: Donna.S.Tamanaha@usdoj.gov

Attorneys for Acting United States Trustee
 AUGUST B. LANDIS

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>**ANGELO P. ACCORNERO**<br>**LORI E. ACCORNERO,**<br><br>                      Debtors. | No.   10-13676 AJ7<br><br>Chapter 7<br><br>Date: January 14, 2011<br>Time: 9:00 a.m.<br>Place: 99 South E Street<br>         Santa Rosa, California |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE
FOR ABUSE UNDER 11 U.S.C. §§ 707(b)(1),(b)(2) and (b)(3)**

    August B. Landis, the Acting United States Trustee for Region 17 ("UST"), hereby moves this Court for an order dismissing this case under 11 U.S.C. § 707(b)(1) because this case is presumptively abusive under 11 U.S.C. § 707(b)(2). In the alternative, the U.S. Trustee moves for dismissal under 11 U.S.C. § 707(b)(3), because the under totality of the debtors' financial circumstances, this case is an "abuse" of chapter 7 because the debtors have the ability to repay creditors.

    The presumption of abuse arises under Section 707(b)(2) primarily because Debtors excluded $3115 in income derived from Mrs. Acconero's disability insurance benefits. With this additional income, Debtors have disposable income of $2,193 per month on the means test, resulting in the presumption of abuse to arise. In a sixty month plan, disposable income of $2,193 per month would generate total dividends of $131,591, an amount more than sufficient to pay <u>in full</u> Debtors' unsecured debt of $102,331. No special circumstances to rebut the presumption have been shown.

    The U.S. Trustee further alleges, in the alternative, that dismissal is appropriate because the

UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE
FOR ABUSE UNDER 11 U.S.C. §§ 707(b)(1),(b)(2) and (b)(3)     - 1 -

totality of the debtors' financial circumstances demonstrates abuse under Section 707(b)(3)(B).

This motion is based upon the Memorandum of Points and Authorities, the Declaration of Donna Jensen, filed herewith, together with the entire record in this case and such evidence and argument as may be introduced with respect to the Motion. Additionally, the UST requests the Court take judicial notice under F.R.E. 201 of its own records in the case in support of the facts set forth hereafter.

## I. FACTS

1. Angelo P. Accornero and Lori E. Accornero ("the Debtors") filed a voluntary chapter 7 petition on September 23, 2010.

2. The initially scheduled 341 meeting was held on October 27, 2010. The UST timely filed a 10-Day Statement of Presumed Abuse on November 8, 2010. This motion is therefore timely.

3. The Debtors are a couple with two children. Mr. Accornero is a police officer with the City of Petaluma, whose monthly gross income is $10,350. Mrs. Accornero is a retired police officer, receiving disability retirement benefits in the monthly amount of $3115. Mrs. Acconero also operates a parties supplies business.

4. Debtors' means test (Official Form 22A), omitted the $3115 in disability benefits as part of their "Current Monthly Income."

5. Thus, under the Debtors' means test, Line 50, "Monthly disposable income" results in a negative number, - $921.81.

6. The U.S. Trustee disagrees with Debtors' numbers, asserting that the $3115 should be counted as current monthly income.

7. Including the $3115 as current monthly income, with no other adjustments to Debtors' means test, results in $2,193 monthly disposable income.

8. The U.S. Trustee therefore asserts that the presumption arises under Section 707(b)(2).

9. The U.S. Trustee further asserts that there are no special circumstances in this case which would rebut the presumption of abuse.

UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE
FOR ABUSE UNDER 11 U.S.C. §§ 707(b)(1),(b)(2) and (b)(3)                                                    - 2 -

10. Under the totality of the circumstances, this case is an abuse of chapter 7.

11. Both Debtors have stable income and employment.

12. Debtors' petition, schedules, and statement of financial affairs, show a comfortable lifestyle.

13. The Debtors' income and expenses, as reflected in Schedules I and J, show that the Debtors have the ability to maintain a comfortable budget and repay some of their debt, with minor adjustments, such as the following:

    (A) <u>Toys</u>. Debtors have indicated an intent to keep paying monthly secured debt on several recreational vehicles: 2005 Eclipse Attitude Travel Trailer ($215); 2008 Kawasaki 4 wheel ($132); 2007 Yamaha dirt bike ($198), a total monthly amount of $545.

    (B) <u>Recreation.</u> Debtors' budget also includes expenses which, when added together, appear to include substantial discretionary cushion. For example, Debtors listed under "Other Expenditures" miscellaneous expenses in a monthly total amount of $508, in addition to recreation claimed in the amount of $195 on Schedule J (Line 9).

    (C) <u>Telephone/Internet.</u> In addition to claiming $95 for telephone, the Debtors also claim an additional $180 per month for "internet/TV/house phone." The total of $275 for this category of expenses appear to be high.

    (D) <u>Deductions</u> - Voluntary 457 plan - $108. As a voluntary contribution to their own plan, Debtors have the ability to cease these contributions while they repay creditors.

14. By adding $108 to $10,776 (Line 16 of Schedule I), the Debtor's monthly income would be adjusted to $10,884.

15. By eliminating luxury items on Schedule J ($545 + ½ of the total recreational amount – $350) would result in a reduction of $895 in the monthly expenses, cutting the monthly expenses to $9801.

16. These very minor adjustments would result in disposable income as follows:

    Adjusted income:        $10,884

    Adjusted expenses:     <u>  9,801</u>

Adjusted available funds: $ 1,083

17. In a sixty month plan, $1083 per month would result in total dividends of $64,980, which would constitute a 63% distribution to creditors based upon total unsecured debt of $102,331.

18. A review of Debtors' expenses in the months preceding their bankruptcy filing also shows that the Debtors were accustomed to having (or spending) a considerable amount of their budget on recreational items.

19. A review of Debtors' credit card statements shows that in the six months before the filing, Debtors took a number of vacations or trips to Las Vegas, campgrounds, and that they generally expended relatively large sums on recreational expenses, amounts inconsistent with individuals who were experiencing financial hardship. The following are examples of the type of expenses and the recurring nature of recreational expenses observed on just one of Debtors' credit card statements:

| Date | Expense | Amount |
|---|---|---|
| 9/4/10 | Willits KOA | $ 139 |
| 9/27/10 | Wine club | 100 |
| 8/7/10 | Maylons Brewing | 145 |
| 7/24/10 | Trinity KOA | 202 |
| 7/31/10 | New York New York Las Vegas | 77 |
| 8/14/10 | Clos Du Bois Winery | 170 |
| 8/17/10 | Comcast | 337 |
| 4/22/10 | Quality Inn - Mountainview | 519 |
| 5/9/10 | Wynn Las Vegas | 540 |
| 3/20/10 | Lions Gate | 425 |
| 4/15/10 | Quality Inn | 519 |
| 3/21/10 | New York New York Las Vegas | 351 |
| | Total | $3,524 |

20. The U.S. Trustee intends to conduct further discovery to ascertain the extent of Debtors' pre-petition spending. The above list of expenses is provided for the sole purpose of showing that the

UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE
FOR ABUSE UNDER 11 U.S.C. §§ 707(b)(1),(b)(2) and (b)(3) - 4 -

Debtors were accustomed to spending a good portion of their income on discretionary items.

21. The existence of available discretionary income, coupled with Debtors' history of substantial recreational spending, show that the case may also be dismissed as an abuse under the totality of the Debtors' circumstances.

## II. PRAYER FOR RELIEF

WHEREFORE, the United States Trustee respectfully requests

(I) entry of an order dismissing this case under Section 707(b)(1) as an abuse of chapter 7 on grounds that

    (A) the case is a presumptively abusive under Section 707(b)(2) or,

    (B) in the alternative, the totality of the circumstances of Debtor's financial situation demonstrates abuse under Section 707(b)(3)(B); and

(II) any other and further relief as the Court deems appropriate.

Dated: December 8, 2010             Respectfully submitted,

August B. Landis
Acting United States Trustee

By:     */s/ Donna S. Tamanaha*
Donna S. Tamanaha
Assistant U.S. Trustee

UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE
FOR ABUSE UNDER 11 U.S.C. §§ 707(b)(1),(b)(2) and (b)(3)     - 5 -