1   DONNA TAMANAHA, Assistant U.S. Trustee (WI#1013199)
    U.S. Department of Justice
2   Office of the United States Trustee
    235 Pine Street, Suite 700
3   San Francisco, CA  94104-3484
    Telephone: (415) 705-3333
4   Facsimile:   (415) 705-3379
    Email: Donna.S.Tamanaha@usdoj.gov
5
    Attorneys for Acting United States Trustee
6    AUGUST B. LANDIS

7

8                      **UNITED STATES BANKRUPTCY COURT**

9                      **NORTHERN DISTRICT OF CALIFORNIA**

10  In re                                   )   No.      10-13676 AJ7
                                            )
                                            )   Chapter 7
11  **ANGELO P. ACCORNERO**                 )
    **LORI E. ACCORNERO,**                  )   Date: January 14, 2010
12                                          )   Time: 9:00 a.m.
                                            )   Place: 99 South E Street
13                      Debtors.            )          Santa Rosa, California
    _____    )
14

15          **REPLY OF UNITED STATES TRUSTEE TO DEBTORS' OPPOSITION TO**
            **UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE FOR**
16          **ABUSE UNDER 11 U.S.C. § 707(b)(1), (2) & (3)**

17          August B. Landis, Acting U.S. Trustee for the Northern District of California - Region 17

18  ("United States Trustee") hereby replies to the OPPOSITION TO MOTION TO DISMISS CASE FOR

19  ABUSE ("Opposition")  filed by Angelo P. Accornero and Lori E. Accornero ("Debtors").   The United

20  States Trustee's motion alleged that the above case is presumptively abusive under 11 U.S.C. §

21  707(b)(2), and is also an abuse under the "totality of the circumstances" under 11 U.S.C. § 707(b)(3)(B).

22  The Opposition disagrees with both causes of action.

23                      I.  PRELIMINARY STATEMENT

24          Section 707(b)(2) - Presumption of Abuse.  The United States Trustee alleged that the

25  presumption of abuse arose primarily because the Debtors failed to include $3115 in monthly CalPERS

26  disability retirement benefits received by Mrs. Accornero in their calculation of "current monthly

27  income."   Debtors' contend that they were not required to list these benefits because CalPERS, as a

28
    REPLY OF UNITED STATES TRUSTEE TO DEBTORS' OPPOSITION TO UNITED STATES TRUSTEE'S MOTION
    TO DISMISS CASE FOR ABUSE UNDER 11 U.S.C. §§ 707(b)(1),(b)(2) and (b)(3)                    - 1 -

1  substitute for Social Security[1], should also be excluded from "current monthly income." As discussed

2  below, the United States Trustee, disagrees with this interpretation of the statute.

3       Section 707(b)(3) - Totality of the Circumstances. The United States Trustee also contended that

4  the "totality of the circumstances" of the Debtors' financial condition demonstrates abuse. In their

5  Opposition, Debtors have attempted to justify some of their expenses. The United States Trustee

6  requests that the Court schedule an evidentiary hearing on these issues, providing some time for formal

7  discovery and for the parties to supplement the record accordingly.

8                                    II.  DISCUSSION

9       A.    **The CalPERS disability retirement benefits received by Mrs. Accornero must be**
             **included in the calculation of "current monthly income," causing the presumption of**
10            **abuse to arise.**

11      In this case, the presumption of abuse arises if the $3115 in monthly disability retirement benefits

12 received by Mrs. Accornero is included in the calculation of the Debtors' current monthly income. By

13 simply adding in $3115 to the income side of the means test, monthly disposable income is $2193,

14 which result in over 100% repayment to creditors under a five-year plan.

15      The parties do not dispute that Mrs. Accornero received at least $3115 per month in CalPERS

16 disability retirement payments in the six month period before the commencement of the case (September

17 23, 2010)[2]. There is no dispute that these amounts were not reported on the Debtors' means test. The

18 parties dispute whether or not the Debtors should have included the benefits on the means test.

19            1.    Since Section 101(10A)(B) of the Bankruptcy Code does not specifically exclude

20                  CalPERS disability retirement benefits from the statutory definition of "current

21                  monthly income," it must be included.

22      The United States Trustee contends that this court should adopt the same approach used by the

23 Ninth Circuit in Blausey v. U.S. Trustee, 552 F.3d 1124 (9th Cir. 2009), when the Ninth Circuit held that

24 private disability insurance benefits did not fall within exceptions to Section 101(10A)(B) and were thus

25

26

27      [1]Counsel for the U.S. Trustee has recently requested from Debtors' counsel evidentiary support for the Debtors'
        position that CalPERS is a substitute for Social Security Benefits and has not yet received such evidence.

28      [2]The gross amount received was $3,373, from which $258 was deducted to "recover overpayment."

REPLY OF UNITED STATES TRUSTEE TO DEBTORS' OPPOSITION TO UNITED STATES TRUSTEE'S MOTION
TO DISMISS CASE FOR ABUSE UNDER 11 U.S.C. §§ 707(b)(1),(b)(2) and (b)(3)                    - 2 -

included in "current monthly income."

     a. <u>Section 101(10A)(B), the statutory definition of "current monthly income," provides for specific exclusions</u>.  The discussion about what must be included as "current monthly income" begins with the statutory definition.  11 U.S.C. § 101(10A)(B), provides in pertinent part:

> (10A) The term 'current monthly income' --
>     (A) means the average monthly income from all sources that the debtor receives ...without regard to whether such income is taxable income, derived during the 6-month period ...
>     (B) includes any amount paid by any entity other than the debtor ... for the household expenses of the debtor or the debtor's dependents ..., but <u>excludes benefits received under the Social Security Act, payments to victims of war crimes or crimes against humanity on account of their status as victims of such crimes, and payments to victims of international terrorism ...or domestic terrorism ...on account of their status as victims of such terrorism.</u> [Emphasis added.]

The Ninth Circuit in <u>In re Blausey</u> began its analysis with the statute itself.  Following the "plain language" of the Bankruptcy Code, which used the phrase "without regard to whether such income is taxable income," the Ninth Circuit rejected the debtors-appellants' argument that the Internal Revenue's definition of income should control what constitutes income.  <u>Id</u>. at 1132.

     b.   <u>Under principles of statutory construction, what is not specifically excluded is included</u>.  More pertinent to the matter before this court, in its analysis of current monthly income, the Ninth Circuit applied the principle of statutory construction that what is not specifically excluded from a statute is included.  The Ninth Circuit observed first that "the statute [Section 101(10A)(B)] specifically excludes certain payments, such as Social Security payments and payments to victims of war crimes and terrorism from CMI."  <u>Id</u>. at 1133.   The Court then followed the "general rule of statutory construction" which provides that "the enumeration of specific exclusions from the operation of a statute is an indication that the statute should apply to all cases not specifically excluded."  <u>Ibid.</u> [citing 2A Sutherland Statutory Construction § 47:23, regarding the rule *expressio unius est exclusio alterius*].  The Court then concluded that since the statute made "several specific exclusions from CMI but does not specifically exclude private disability benefits, this indicates that Congress meant for the benefits to be included in CMI."  <u>Ibid.</u>

     This principle of statutory construction has resulted in some bankruptcy courts concluding that

REPLY OF UNITED STATES TRUSTEE TO DEBTORS' OPPOSITION TO UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE FOR ABUSE UNDER 11 U.S.C. §§ 707(b)(1),(b)(2) and (b)(3)    - 3 -

Case: 10-13676   Doc# 26   Filed: 01/07/11   Entered: 01/07/11 15:35:23   Page 3 of 5

unemployment benefits must be included in "current monthly income."  See In re Kucharz, 418 B.R. 635 (Bankr. C.D. Ill. 2009) (unemployment benefits were not 'benefits received under the Social Security Act'); see also In re Nance, 2010 WL 2079653 (Bankr. S.D. Ind. May 21, 2010); see In re Hedge, 394 B.R. 463 (Bankr S.D. Ind. 2008) (Veterans' benefits are included since not within enumerated exceptions); accord In re Waters, 384 B.R. 432 (Bankr N.D. W. Va. 2008).  But see In re Scholz, 427 B.R. 864 (Bankr. E.D. Cal. 2010) (Railroad Retirement Act benefits were not benefits received under the Social Security Act, but because protected by anti-alienation provisions, the bankruptcy court excluded the benefits from CMI)(currently on appeal before the Ninth Circuit Bankruptcy Appellate Panel, Case No. 10-1153).

       c. Policy reasons supported the inclusion of disability insurance benefits.  Additionally, the Ninth Circuit observed that excluding the Blauseys' disability insurance benefits from CMI "would contravene the purpose of the means test."  Ibid.  The Court recognized Congress' intent that the implementation of an income/expense screening mechanism – i.e., means testing – was designed to "'help the courts determine who can and who cannot repay their debts and, perhaps most importantly, how much they can afford to pay.' 151 Cong. Rec. S1726-01, S1786 (daily ed. Feb. 28, 2005) (statement of Sen. Hatch)." Id. at 1133-1134.  The exclusion of the replacement income from the Blauseys' CMI did not "accurately reflect the Blauseys' ability to repay their debts."  Id. at 1134.

       2.     The Ninth Circuit's analysis in In re Blausey should apply to the determination as to whether Mrs. Accornero's CalPERS benefits should be included in "current monthly income."

       The Debtors argued that because Mrs. Accornero's benefits are a substitute for benefits received under the Social Security Act, these benefits should not be included in "current monthly income."  They do not claim that the CalPERS benefits are benefits received under the Social Security Act, but instead claim that because CalPERS benefits are something close to the Social Security Act, they should also be excluded from "current monthly income."  Applying the same principle of statutory construction used by the Ninth Circuit in In re Blausey, the United States Trustee contends that the CalPERS benefits must be included because they do not fall within the specific statutory exclusions.  Furthermore, the inclusion of

Case: 10-13676   Doc# 26   Filed: 01/07/11   Entered: 01/07/11 15:35:23   Page 4 of 5

1 these benefits in the calculation of "current monthly income" provides a more accurate picture of what

2 the Acconeros can pay.

3     3.    The Accorneros budgetary items do not qualify as "Special Circumstances."

4 The Accorneros have argued in their Opposition that their additional recreational expenses,

5 among other budgetary items, constitute "special circumstances."  However, under 11 U.S.C. §

6 707(b)(2)(B), special circumstances constitute such items as "a serious medical condition or a call or

7 order to active duty in the Armed Forces," which justify additional expenses or adjustments "for which

8 there is no reasonable alternative."  The debtors have failed to make a sufficient case for this defense.

9     B.    **Under the totality of the circumstances, this case is an abuse.**

10 The United States Trustee contends that, should the court deny the motion under Section

11 707(b)(2), alternatively  this case is abusive under Section 707(b)(3) of the Bankruptcy Code.  The

12 United States Trustee requests further time to conduct more formal discovery to explore the Debtors'

13 assertions and to supplement the record, as appropriate.

14                          III.  CONCLUSION

15 For all of the above reasons, the United States Trustee contends that the case must be dismissed

16 as an abuse of chapter 7.

17 Dated:  January 7, 2011                    Respectfully submitted,

18                                            AUGUST B. LANDIS
                                               Acting United States Trustee

19

20                          By:    _/s/ Donna S. Tamanaha_____

21                                 Donna S. Tamanaha
                                   Assistant U.S. Trustee

22

23

24

25

26

27

28

REPLY OF UNITED STATES TRUSTEE TO DEBTORS' OPPOSITION TO UNITED STATES TRUSTEE'S MOTION
TO DISMISS CASE FOR ABUSE UNDER 11 U.S.C. §§ 707(b)(1),(b)(2) and (b)(3)                    - 5 -